HURLEY, Judge.
The issue on appeal is whether a general contractor’s liability insurance policy provides coverage for property damage caused by negligently performed work by an insured contractor. We answer in the affirmative.
The plaintiffs/appellees Jude and Sandra Sheridan purchased a lakeside lot from a developer, The Housing Group, Inc. At the same time they contracted to have a house and swimming pool built on the lot by M.A.P. Builders of Coral Springs, Inc. M.A.P. Builders was The Housing Group’s general contracting arm, though legally a separate company. Both The Housing Group and M.A.P. Builders were insured by the defendant/appellant Old Republic Insurance Company.
Within three months of moving into their new home, the Sheridans noticed that the land in the back yard between the pool and the lake was eroding and falling into the lake. The process continued to the point where the pre-existing slope entirely disappeared and the back yard ended in a sharp four to eight foot cliff a few feet beyond the edge of the pool decking. Also, the pool developed a number of cracks and the surrounding decking began to tilt toward the lake.
After several unsuccessful attempts to have the matter rectified by M.A.P. Builders, the Sheridans filed suit against The Housing Group, M.A.P. Builders and their insurance carrier, Old Republic. The complaint alleged breach of contract against the developer, the contractor and the carrier in Count I and negligence against M.A.P. Builders and Old Republic in Count II. The Sheridans sought judgment for damages, but did not specifically seek repair of the pool.
Old Republic answered, admitting to being the carrier for The Housing Group and M.A.P. Builders but denying coverage for any damages. Thereafter, Old Republic refused to defend its insured. The Sheridans and The Housing Group and M.A.P. Builders asserted that coverage exists under Old Republic’s policy.
Next, the Sheridans moved for summary judgment on the issue of negligence. The Housing Group and M.A.P. Builders admitted their negligence and the trial court granted the motion. The court also determined that coverage existed for the back yard property damage under the policy issued by Old Republic to M.A.P. Builders. From this determination of coverage, Old Republic appeals.
The insurance policy in question contains the following two exclusions which are at issue:
This insurance does not apply:
(n) To property damage to the named insured’s product arising out of such products or any part of such products; (o) To property damage to work performed by or on behalf of the named insured arising out of the work or any portion thereof, or out of materials, parts or equipment furnished in connection therewith.
Appellant, Old Republic, maintains that clause (n) precludes coverage for the damage incurred in the instant case. Old Re *621 public contends that the house, pool and the underlying property are all “the named insured’s products.” Thus, it asserts that the erosion caused by the pool’s weight and placement was property damage arising out of the named insured’s products and, consequently, clause (n) precludes liability. On the other hand, the Sheridans assert that only the pool and house are the named insured’s products. Though the land was purchased from the developer, the Sheri-dans content that it was not a “product” in the usual sense of that word; it did not result from the developer’s or contractor’s workmanship. We agree with this interpretation and hold that clause (n) does not preclude liability.
Clause (o) excludes coverage for property damage to work performed by the named insured arising out of the work itself. Old Republic claims this excludes coverage for damage to the pool which resulted from the pool’s construction or placement. The Sheridans conceded this point in their brief and stated that they were not seeking damages for repair of the pool.
The Florida Supreme Court recently considered identical exclusionary clauses in a contractor’s general liability insurance contract. In LaMarche v. Shelby Mutual Insurance Co., 390 So.2d 325 (Fla.1980) the Court held that “the purpose of this comprehensive liability insurance coverage is to provide protection for personal injury or for property damage caused by the completed product, but not for the replacement and repair of that product.” 390 So.2d 325, 326. LaMarche held that the clauses in question did not exclude damages caused by poor workmanship but did exclude payments for repairing shoddy work.
Applying this precedent to the case at bar we affirm the trial court’s order which found coverage under Old Republic’s policy for the property damage. We do not believe the trial judge intended to impose any greater liability than did the Supreme Court in LaMarche. Thus, we read the order as finding coverage and liability for the soil erosion caused by the negligent pool installation; the order did not impose Habib ity for the repair or replacement of the, pool.
Accordingly, the trial court’s order is affirmed.
ANSTEAD and HERSEY, JJ., concur.